# *Thomas Hockley *against* Jacob Fulmer, junr.

Summons against two, not served as to one, and as to the other who appeared removed by *hab. cor.* into the Circuit Court; narr. against him only who appeared, and pleas in bar put in; the jury were sworn as to both defendants. Held to be aided by the verdict.

APPEAL from the Circuit Court of Dauphin county.

By the record it appeared, that a summons in case had issued against Jacob Fulmer, sen. and Jacob Fulmer, jun., returnable in the Common Pleas, to September term 1802. The return thereon was, summons served as to Fulmer, jun., and N. E. I. as to Fulmer, sen. Mr. Elder appeared for Fulmer, jun., and the cause as to him, was removed by *habeas corpus*, to the Circuit Court.

The plaintiff filed his declaration in general *indebitatus assumpsit*, as to Fulmer, jun. only. The defendant pleaded *non assumpsit infra sex annos*, and *non assumpsit* and payment, and the plaintiff replied *non solvit*. The issues being joined, the cause came on to trial at the Circuit Court for Dauphin county, November 3d 1803, before Mr. Justice BRACKENRIDGE, when the jury on a full hearing, gave a verdict for the plaintiff for $405.27.

The following reasons were next day filed in arrest of judgment. 1. For that there has been a mis-trial; inasmuch as the jury were sworn to try a cause never brought into this court. 2. For that the jury were sworn to try a cause between Thomas Hockley, plaintiff, and Jacob Fulmer, sen. and Jacob Fulmer, jun. defendants, and therein rendered their verdict; whereas in truth and in fact, the said Jacob Fulmer, sen. is no party to the record. 3. For that the original summons was issued against Jacob Fulmer, sen. and Jacob Fulmer, jun. That the plaintiff's allegations stated in his declaration, were against Jacob Fulmer, jun., in his individual capacity; that the *habeas corpus* issued against Jacob Fulmer alone; and that the jury were sworn to try a cause between Thomas Hockley, plaintiff, and Jacob Fulmer, sen. and Jacob Fulmer, jun., defendants.

These reasons being overruled on argument, judgment was rendered on the verdict, and the defendant appealed, his counsel certifying the reasons in arrest of judgment, as the grounds of his appeal.

Mr. Dallas, for the defendant. The leanings of the court to support verdicts, where it is supposed substantial justice has been done, are perfectly well known; but we confidently believe, that they have no inclination to go beyond the settled law.

Here there is a manifest error. No such suit existed in court as the jury were sworn to decide. Jacob Fulmer, sen. was neither summoned, nor appeared to answer the plaintiff's demand.

[Hockley *v.* Fulmer.]

No judgment can be rendered against him, consistently with the first principles of justice.   He cannot be condemned unheard.

*131]   *Another objection, equally fatal to the proceedings, is apparent on the face of the record.   The writ issued against Fulmer, sen. and jun.   It is the ground work of the suit, on which the superstructure must legally be built.   But the declaration rests on a different foundation, and varies from the original process.   It states a different contract as if made with Jacob Fulmer, jun. alone.   It is settled that if the matter of abatement be *dehors*, it must be pleaded, but if intrinsic, the court will take notice of it themselves.   1 Bac. Ab. 15, (new edit. 17.)   The case of Horner *v.* Moor, cited 5 Burr. 2614, is strong in point.   Action on a joint bond against one of the obligors only.   Defendant pleaded *non est factum*.   After verdict for the plaintiff, judgment was arrested, because the defect appeared on the declaration.   *Vide* 1 Crompt. Pract. 300.

Mr. Hopkins, *pro quer.*   The feelings of every honest mind will lead to confirm the verdict of a jury, where the merits of a cause have been fully heard and decided upon justly.   The strict legal niceties, which formerly disgraced the law, are now almost entirely eradicated.   3 Bl. Com. 410.

The first exception goes to the mere misprision of the clerk ; but the introducing the name of Fulmer, sen. to the jury, did not change the nature of the plaintiff's demand.   They were to go according to the *allegata* and *probata*.   The declaration contained the plaintiff's ground of action, as exhibited to the jury. The court will overlook the mere mistake of the clerk, or a trifling nicety ; and there is no need of any actual amendment.   3 Wils. 275.   2 Burr. 1162.   After verdict, where defendant's name is inserted in the declaration, instead of the plaintiff's, the former will be rejected as surplusage.   3 Wils. 43.   Here there was a trial by a jury of the proper county ; and if the defendant conceived, that the administering of the oath to the jury, making Fulmer, sen. a co-defendant, was injurious to him, he ought to have objected to it at the time.   This is analogous to a party standing by, and seeing a juror sworn, against whom he has good cause of challenge ; he shall not allege it afterwards as a ground for a new trial.   The judgment rendered, is against the younger Fulmer, and the elder has not been condemned unheard, which is the strength of the exception.

The second objection, which is wholly of a technical nature, and might have prevailed at an earlier stage of the suit, comes at too late an hour.   It is settled, that nothing is assignable for error, which might have been pleaded in abatement.   2 Bac. 222, tit. error K. 492, new ed.   A variance between the writ and count is certainly pleadable in abatement.   There is strong rea-

*132]   son in the remark of Lord KENYON, on the *mandamus*, between the king and the mayor, &c. of York, 5 T. R. 74, when he said, " It is now too late (after a return) to make any

[Hockley v. Fulmer.]

" objection to the writ itself. The corporation, by making **a** re
" turn to it, have precluded themselves from objecting. It is
" for the convenience of suitors and the public, that such objec-
" tions should be made at the proper season ; it ought not to be
" permitted to any party to increase the expenses of litigation
" by proceeding in the suit, when he himself thinks there is
" an objection *in limine*, to the proceedings altogether."

The statutes of amendment cure many errors after verdict.
The stat. of 16 and 17 Car. 2, c. 8, in particular, cures many
defects in matters of substance, not aided by former acts. 1 Bac.
93, 94. The concluding words of the first section are very gen-
eral. " All such omissions, variances and defects, and other
" matters of the like nature, not being against the right of the
" matter of the suit, nor whereby the issue or trial are altered,
" are amendable." 3 Ruff. stat. 293. The variance here is
cured by the pleas in bar, and the trial on the merits. 1 Dall.
461, 462.

But it has been strongly contended, that whenever a plaintiff
discloses on his own declaration, matter which abates his own
action, it is not necessary for the defendant to repeat it in a plea
of abatement, but the court are bound *ex officio* to abate the
writ : that as the defect appeared on the declaration, he might
have demurred thereto, and need not have pleaded at all. All.
21. And if the objection would have been good on a demurrer,
it must prevail in arrest of judgment, since it is not cured by
verdict.

These objections, and the cases which gave rise to them, have
been fully considered in the King's Bench, in Addison v. Over-
end, lately, 6 T. R. 766, and it was then resolved, that if one
of several owners of a ship, sued alone, without joining the other
part owners, advantage could be taken of it by plea in abatement
only, even though the defect appeared on the face of the decla-
ration. The court then declared, that it is much more conve-
nient to the suitors, that if the defendant meant to take advantage
of such an objection, he should plead it in abatement ; and that
if there be no such plea, the plaintiff may recover, though it
should appear that others ought to have joined with him.
Ib. 771. Formerly indeed, especially in cases of contract, it
was held, that if it appeared at the trial there was a joint con-
tract, and only one of the contracting parties was sued, it was a
decisive objection against the plaintiff's action ; but afterwards,
for the convenience of the suitors, on considering the principles
on which those decisions proceeded, it was held, that if a defen-
dant meant to avail himself of such an objection he must plead
*in abatement. Ib. 770. So it was determined in Rice [*133
v. Shute, cited by defendant's counsel. 5 Burr. 2611.
S. C. 2 Bla. Rep. 695.

The court after advisement, confirmed the judgment of the
Circuit Court, on the authority of Addison v. Overend. 6 Term

Rep. 766.    See also 5 Tidd's Pract. 621, 622.    Bradley *v.* Whorewood, Cro. El. 204.    Philips *v.* Wood. Hob. 251, and Hamilton *v.* Frederick, the preceding case.